UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                                               CASE NO.: 8:05-cr-306-T-23MSS

CLAUDIUS CLARKE
_____/

**ORDER**

In his response (Doc. 90) to the United States's "Notice of Position on Re-sentencing" (Doc. 85), Claudius Clarke requests a re-sentencing based on United States v. Booker, 543 U.S. 220 (2005) and Kimbrough v. United States, ___ U.S. ___, 128 S. Ct. 558 (2007). Clarke cites United States v. Hicks, 472 F. 3d 1156 (9th Cir. 2007); United States v. Barrett, 2008 WL 938926 (M.D. Fla. 2008); and United States v. Stokes, 2008 WL 93819 (M.D. Fla. 2008), each of which supports to some extent the conclusion that the re-sentencing of a "crack" cocaine defendant in accord with Amendments 706, 711, and 712 to the United States Sentencing Guidelines and in accord with 18 U.S.C. § 3582(c)(2) provides an occasion generally to revisit the original sentence and recast the sentence in accord with Booker. However, Section 1B1.10(a)(3) of the Sentencing Guidelines provides that "proceedings under 18 U.S.C. § 3582(c)(2) and this policy statement do not constitute a full re-sentencing of the defendant." A re-sentencing under the amendments upon which Clarke depends presents an occasion only to re-calculate the original guidelines by substituting an offense level two levels lower than the original offense level to determine whether the

result reduces the applicable sentence, which may not occur in the instance of a career offender, an offender subject to a statutory minimum mandatory sentence, and others. As stated in United States v. Rodriguez-Pena, 470 F. 3d 431, 433 (1st Cir. 2007), Clarke's argument that Section 3582(c)(2) permits a plenary re-sentencing in accord with Booker "has been roundly rejected." United States v. Crawford, 243 Fed. Appx. 476 (11th Cir. 2007); United States v. Price, 438 F. 3d 1005 (10th Cir. 2006), cert. denied, 547 U. S. 1185 (2006) (and cases cited at footnote 2); United States v. Moreno, 421 F. 3d 1217 (11th Cir. 2005), cert. denied, 547 U. S. 1050 (2006); United States v. Thomas, 2008 WL 1776519 (M.D. Fla. 2008) (Steele, J.); United States v. Sprague, 2007 WL 3145087 (M.D. Fla. 2007) (Whittemore, J.). Clarke's request for a plenary re-sentencing in accord with Booker is rejected.

However, a review of the circumstances of this case, including the pre-sentence report and the matters offered by Clarke in support of a reduction in sentence under Booker, confirms that the sentence that results from the present adjustment under the newly retroactive and reduced "crack" guidelines is a "reasonable sentence" as defined by Booker and effected by application of the factors arrayed at 18 U.S.C. § 3553(a).

ORDERED in Tampa, Florida, on April 28, 2008.

*[signature]*

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE